Gerardo GRADILLAS, Petitioner–
Appellant,

v.

Martin BITER, Acting Warden,
Respondent–Appellee.

No. 09–56233.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 12, 2012.*

Filed Oct. 16, 2012.

Marilee Marshall, Marilee Marshall &
Associates, Inc., Los Angeles, CA, for Peti-
tioner–Appellant.

Ryan M. Smith, Deputy Attorney Gen-
eral, AGCA—Office of the California At-
torney General, Los Angeles, CA, for Re-
spondent–Appellee.

Before: KLEINFELD and
McKEOWN, Circuit Judges, and QUIST,
Senior District Judge.**

MEMORANDUM ***

Gerardo Gradillas appeals from the dis-
trict court's decision denying his petition
for a writ of habeas corpus. Reviewing de
novo, we affirm.

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** The Honorable Gordon J. Quist, Senior Dis-
trict Judge for the U.S. District Court for
Western Michigan, sitting by designation.

Gradillas argues that the trial court
erred by not instructing the jury sua
sponte on transferred self defense and that
his trial counsel provided ineffective assis-
tance by failing to request a jury instruc-
tion on transferred self defense. On direct
review, the California Court of Appeal de-
termined that the "jury was properly in-
structed," "counsel raised the self-defense
issue in closing argument," and there was
"no reasonable probability the result would
have been more favorable to appellant had
additional instructions been given or argu-
ments raised." The California Supreme
Court denied Gradillas's petition for re-
view.

Gradillas petitioned for a writ of habeas
corpus under 28 U.S.C. § 2254 (as amend-
ed by the Antiterrorism and Effective
Death Penalty Act of 1996). The district
court properly determined that the Cali-
fornia Court of Appeal "did not commit
constitutional error in concluding that
[Gradillas] received a fair trial in spite of
the lack of a transferred self-defense in-
struction" and that Gradillas could not es-
tablish deficient performance and preju-
dice under *Strickland.* Gradillas has
failed to show that the state court's deci-
sion was "contrary to" or an "unreasonable
application" of clearly established Supreme
Court precedent or that it was "based on
an unreasonable determination of the
facts." 28 U.S.C. § 2254(d).

**AFFIRMED.**

*** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.